[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15717
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00055-MCR-CJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CECIL ANTHONY DORTCH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 7, 2014)

Before WILSON, PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Cecil Anthony Dortch appeals *pro se* the denial of his motion for a new trial as untimely. *See* Fed. R. Crim. P. 33(b)(2). Dortch filed his motion more than two years after he was convicted of possessing with intent to distribute marijuana, using a gun in connection with a drug trafficking crime, and being a felon in possession of a gun. Dortch argued that he was in possession of newly-discovered evidence that the government presented perjured testimony from its crime scene analyst, *see Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972), and that it suppressed DNA evidence collected from firearms discovered in his residence, *see Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). We affirm.

A motion for a new trial may be filed within 14 days after the jury returns its verdict, Fed. R. Crim. P. 33(b)(2), but a motion based on newly-discovered evidence may be filed within three years following a conviction, *id.* 33(b)(1). To prevail on a motion for a new trial based on newly-discovered evidence, the defendant must prove that he discovered the evidence after the conclusion of his trial; his failure to discover the evidence is not attributable to a lack of due diligence; the evidence is not merely cumulative or impeaching; the evidence is material; and there is a reasonable probability that the evidence could have affected the outcome of his trial. *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003). Unsubstantiated allegations and accusations are insufficient to support a

2

motion for new trial based on newly discovered evidence. *United States v. Calderon*, 127 F.3d 1314, 1354 (11th Cir. 1997).

The district court did not abuse its discretion when it denied Dortch's motion for a new trial. Dortch's motion for a new trial was untimely because it was not based on newly-discovered evidence. *See* Fed. R. Crim. P. 33(b)(1), (b)(2). Dortch attached to his motion some laboratory reports and inventory sheets, none of which he identified as being unavailable to him before trial. *See Jernigan*, 341 F.3d at 1287. The information in those reports was consistent with the testimony of the crime scene analyst at trial about the process that he used to collect DNA samples from the firearms found in Dortch's residence. And the reports and analyst's testimony that he swabbed "all around the grips" and "around the trigger guard where anybody would typically touch a gun," flatly contradicted Dortch's allegations that the government withheld the results of DNA tests performed on trigger guards and triggers. *See Calderon*, 127 F.3d at 1354. Dortch failed to produce any objectively credible new evidence that "undermine[d] confidence in the outcome of [his] trial." *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S. Ct. 1555, 1566 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 678, 105 S. Ct. 3375, 3381 (1985)).

We **AFFIRM** the denial of Dortch's motion for a new trial as untimely.